**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5575-16T2

LH WAGNER REALTY CORPORATION
and LEO H. WAGNER,

     Plaintiffs-Appellants,

v.

BOB MARTIN, COMMISSIONER,
NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

     Defendant-Respondent.

_____

Submitted September 12, 2018 – Decided  September 19, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2131-12.

Mark Williams, attorney for appellants.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer L. Moriarty, Deputy Attorney General, and Jason B. Kane, Deputy Attorney General, on the brief).

PER CURIAM

This appeal is the final chapter in approximately two decades of litigation between the parties. LH Wagner Realty Corporation (Wagner) and Leo H. Wagner (collectively plaintiffs) have repeatedly challenged their inability to develop three lots that the New Jersey Department of Environmental Protection (defendant) designated as wetlands. Plaintiffs maintain that the wetlands designation otherwise amounts to defendant's trespass, taking, and acquisition of a possessory interest in the three lots, which plaintiffs argue supports their action for ejectment.

Plaintiffs appeal from four orders resulting in the dismissal with prejudice of their second consolidated amended complaint. Two orders – dated May 12, 2017 – denied plaintiffs' motion for partial summary judgment seeking to eject defendant from the property, and granted defendant's cross-motion to dismiss plaintiffs' ejectment cause of action. The other two orders – dated July 7, 2017 – denied plaintiffs' motion for reconsideration of the May 12, 2017 orders, and granted defendant's motion for summary judgment on the remaining counts in the second consolidated amended complaint.[1] Judge Dennis R. O'Brien entered

_____

[1] Plaintiffs did not oppose defendant's motion for summary judgment of their claims for slander of title (Count Three) and inverse condemnation (Count Five).

the orders and rendered two comprehensive oral opinions.  Applying a de novo standard – and recognizing that the material facts are undisputed – we affirm.

Wagner originally sold thirty-two of seventy-eight lots to My-Ben Associates (MBA), including the three lots in question.  My-Ben Development Corporation (MBDC) worked with MBA to develop the property that MBA acquired.  The same people owned and controlled MBA and MBDC.  Defendant issued a Notice of Violation (NOV) to MBDC – while MBA remained the record owner at the time – for unlawfully filling wetlands during the development of the thirty-two lots.

Defendant and MBA, the record owner of the three lots, entered into negotiations to address the violation.  Meanwhile, MBA took steps to convey the three lots back to Wagner for no consideration, but agreed to hold the deed for that conveyance until MBA and Wagner authorized its release.  Before Wagner eventually recorded the deed related to its re-acquisition of the three

On appeal, plaintiffs have not briefed those issues, or the issues related to their square corners claim (Count Four).  Accordingly, we need not address the dismissal of those claims.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2018); see also Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (stating "[a]n issue not briefed on appeal is deemed waived").  But we otherwise rely substantially on the judge's reasoning that those causes of action are completely without merit.

A-5575-16T2

lots, defendant and MBDC had entered into an administrative consent order (ACO), which resolved the violation.

Under the ACO, MBDC mitigated its unauthorized placement of fill. The ACO required MBDC to create approximately one-third of an acre of wetlands on the three lots, which was adjacent to pre-existing wetlands on the same three lots. Consequently, the three lots became unbuildable.[2]

After the issuance of the ACO, MBA and Wagner released the deed. The record demonstrates that Leo Wagner was fully aware of the ACO and its building restrictions on the three lots, yet once he recorded the deed for the conveyance, he applied to defendant for a permit to build on the three lots. Defendant denied the application.

Wagner essentially ignored the denial and commenced building activity on the three lots. Defendant then issued a new NOV, this one to Wagner, for unlawfully digging ditches and draining the wetlands on the three lots. Defendant ordered Wagner to submit a payment and restoration plan, but Wagner refused. Instead, Wagner administratively appealed defendant's penalty assessment, which we upheld.

---

[2] Counsel for MBA or MBDC unsuccessfully attempted to record a conservation restriction. When Wagner became the record owner of the three lots, it did not record one, although defendant had requested that Wagner do so.

On this appeal, plaintiffs argue primarily that: (1) they established valid causes of action for ejectment and trespass; and (2) NJDEP v. Wagner, No. A-5205-05 (App. Div. Aug. 7, 2007) (upholding the imposition of administrative penalties against Wagner) is inapplicable. We conclude that plaintiffs' arguments are without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(1)(E), and affirm substantially for the detailed reasons expressed by Judge O'Brien. We add the following comments.

The doctrine of collateral estoppel bars plaintiffs' repeated challenges to the ACO's validity and applicability. And even though the parties previously litigated those issues, we conclude that, on the merits, plaintiffs' contentions are baseless. Defendant's statutory regulation of the three lots – due to the presence of approximately 2.3 acres of pre-existing natural wetlands and the ACO creating approximately one-third of an acre of additional wetlands – does not amount to defendant's trespass on the three lots or create a related possessory interest justifying an ejectment action against defendant.

In support of their cause of action for ejectment and trespass, plaintiffs nevertheless maintain that the ACO is not binding on them. We emphasize that, as part of Wagner's previous appeal from defendant's imposition of sanctions, the parties fully litigated the validity of the ACO and, specifically, its

applicability to Wagner. Thus, the ACO's restrictions, which clearly include the associative inability to build on the three lots, bind plaintiffs. That said, plaintiffs repeat their contentions on this appeal.

Wagner had previously argued that defendant had no authority to restrict Wagner's filling of the wetlands on the three lots – and thereby build on that property – because MBDC, not Wagner, signed the ACO. On this appeal, plaintiffs maintain their position that they owned the three lots at the time defendant and MBDC entered into the ACO. But we fully addressed and rejected that argument in the prior appeal.

> [W]e reject Wagner's claim that the 1996 ACO was invalid because it was executed by [MBDC] and not by Wagner. As the DEP has maintained throughout, at the time of the entry of the order, [MBA] was the record owner of the affected property, since its transfer, without consideration, was not recorded until 2000. Moreover, at the time the consent order was executed, [Leo] Wagner essentially conceded its applicability to him, as well as to [MBA], arguing to the DEP only that a different remedy should have been imposed. [MBDC's] right to enter into the ACO was not challenged by Wagner until 2002, at a time long after the remediation had occurred and the wetland areas had been created. In the circumstances presented, any dispute arising now as to ownership is properly between Wagner and [MBA or MBDC], not Wagner and the DEP.
>
> [Wagner, slip op. at 15-16 (emphasis added).]

Plaintiffs further argue that the ACO is not binding on them because MBA failed to execute the ACO. In 2007, we were fully aware that MBA was the record owner of the three lots. It is clear that MBA knew about and consented to the ACO: MBA and MBDC – companies that we referred to interchangeably in our prior opinion – worked together to develop the property; the two entities shared the same address, had the same principals, and the corporate filings for MBA and MBDC listed the same registered agent. So MBDC's execution of the ACO, instead of MBA, does not render the ACO invalid as to MBA or plaintiffs.

The failure to record the conservation restriction for the three lots adds no support to plaintiffs' contention that the ACO is not binding on them, and provides no basis for an ejectment or trespass action against defendant. The Freshwater Wetlands Protection Act, N.J.S.A. 13:9B-1 to -30, requires a mitigation area be protected through a conservation restriction, which is designed to notify present and future parties of the restriction, rather than to authorize entry onto the property to implement mitigation.

Here, MBA consented to the ACO restrictions and mitigation. Plaintiffs knew about the ACO negotiations when they executed the deed for the conveyance of the three lots. Leo Wagner had doubts – long before any mitigation occurred – about potential development of the three lots. In fact,

most of the wetlands on the three lots (2.3 acres as opposed to the one-third of an acre created under the ACO) were pre-existing, that is, naturally present. Therefore, plaintiffs had notice of the ACO requirements, and the lack of a recorded conservation restriction provides no basis for plaintiffs' ejectment and trespass actions.

As to the trespass claim, Wagner did not take title of the three lots until after the mitigation and monitoring occurred. In other words, MBA remained the record owner of the three lots at all critical times. MBA, not defendant, entered the three lots to create the wetlands. As a State agency, defendant regulated the three lots. But even if that were not the case, pursuant to the ACO, MBA would have authorized defendant's entry onto the three lots. Thus, the fact that defendant did not commit an unauthorized entry onto the three lots in-and-of-itself defeats plaintiffs' trespass cause of action. And even if defendant committed an unauthorized entry onto the three lots – which is not the case – the judge fully explained and properly applied New Jersey Tort Claims Act's two-year statute of limitations, N.J.S.A. 59:8-8(b), barring the purported trespass claim, which would have expired in 1999, and which never restarted because there was no continued trespass.

A-5575-16T2

As to the soundness of the judge's order dismissing plaintiffs' ejectment claim – which we have considered even though plaintiffs identified the May 12, 2017 orders in their case information statement rather than in their notice of appeal – we conclude that Judge O'Brien correctly applied the law. Defendant's actions as to the three lots did not create a possessory interest in that property, and defendant has never claimed a right to possession or title to the three lots. That is to say, defendant's statutory regulation of the three lots does not mean that defendant physically possessed them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5575-16T2